IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS J. AVENA, | ) | No. C 14-5479 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF CALIFORNIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages and injunctive and declaratory relief for alleged civil rights violations. Plaintiff's motion to proceed in forma pauperis is granted in a separate order. For the reasons stated below, the court dismisses the complaint for failure to state a claim.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),

1  (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police
2  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
3        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged deprivation was committed by a person acting under the color of state law. West v.
6  Atkins, 487 U.S. 42, 48 (1988).
7  B.    Plaintiff's Claims
8        In a lengthy complaint plaintiff states that in 1981 he was convicted in state court of
9  robbery, assault with intent to commit murder, assault with a deadly weapon, and attempted
10 robbery. In 1982, plaintiff was sentenced to death. Plaintiff essentially seeks to overturn his
11 conviction and death penalty and receive money damages. Plaintiff challenges the practices and
12 procedures of death penalty appeals in California, and appears to state general legal principles as
13 general legal claims regarding trial errors, such as the effective assistance of counsel and
14 prosecutorial duties.
15       Although the complaint is approximately 50 pages in length, there are very few facts in it
16 relating to plaintiff's specific situation. The complaint appears to be an original or photocopied
17 "form" complaint, which has also been filed by other death row inmates (with few minor
18 differences). Indeed, the almost-identical complaint has been filed by other death row inmates
19 and uniformly rejected. See Duff v. Brown, No. C 14-4036 EMC (N.D. Cal. filed Aug. 14,
20 2014) (dismissed as frivolous and failing to state a claim); Bolin v. State of California, No. C 14-
21 4087 PJH (N.D. Cal. filed Aug. 14, 2014) (dismissed for failure to state a claim); Brasure v.
22 State of California, No. 14-4037 JST (N.D. Cal. filed Aug. 14, 2014) (dismissed as frivolous and
23 for failing to state a claim); Shove v. State of California, No. C 14-4196 JD (N.D. Cal. filed Aug.
24 5, 2014) (dismissed as frivolous and failing to state a claim).
25       To the extent plaintiff seeks to challenge his conviction, he must file a federal habeas
26 petition after his claims have been exhausted in state court. Under principles of comity and
27 federalism, a federal court should not interfere with ongoing state criminal proceedings by
28 granting injunctive or declaratory relief absent extraordinary circumstances not present here.

Order of Dismissal
P:\PRO-SE\RMW\CR.14\Avena479dis.wpd    2

1  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).  To the extent plaintiff seeks money damages
2  arising from his conviction, those claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).
3  Because no amount of amendment would cure the deficiencies of the complaint, this action is
4  DISMISSED with prejudice for failure to state a claim, and as frivolous because plaintiff's
5  complaint "merely repeats previously litigated claims."  Cato v. United States, 70 F.3d 1103,
6  1105 n.2 (9th Cir. 1995).

**CONCLUSION**

This action is DISMISSED with prejudice as frivolous and for failure to state a claim. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: _____

_____
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CARLOS J AVENA,

        Plaintiff,

  v.

STATE OF CALIFORNIA et al,

        Defendant.

Case Number: CV14-05479 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlos J. Avena C 43001
San Quentin State Prison
San Quentin, CA 94974

Dated: April 30, 2015

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk